UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK JONES, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-5798 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| THE LAKE COUNTY SHERIFF'S OFFICE and LAWRENCE OLIVER, in his individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patrick Jones, Jr. ("Jones") brought a one-count complaint against defendants Lake County Sheriff's Office ("Sheriff's Office") and Lawrence Oliver ("Oliver") alleging defamation per se under the Court's diversity jurisdiction, 28 U.S.C. § 1332. Before the Court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part defendants' motion.

**Background**

In mid-2019, Jones accepted a position with the Sheriff's Office, after which he attended the Police Training Institute at the University of Illinois as a recruit. The director of the institute advised recruits about the importance of obtaining study materials, such as sharing notes with each other, and also advised them to work together to prepare for the upcoming examination. To that end, Jones contacted a friend who had already gone through the training institute and she sent Jones a study guide called "State Review Complete," which was available online. Jones then shared the study guide with a fellow recruit. According to Jones, another recruit overheard Jones' conversation and reported to the institute's assistant director, Joseph Gallo, that Jones "may" be in possession of the "answers to an exam."

The next day, Gallo initiated an extensive investigation into the allegation that Jones may have had the answers to the exam. Jones provided the document in question to Gallo and Gallo interviewed numerous individuals about the exam answers. During this process, Gallo communicated with the Illinois Law Enforcement Training and Standards Board. Gallo concluded that Jones should be allowed to remain at the institute and members of the standards board concurred because Jones did not have the answers to the upcoming exam.

Despite the finding of no wrongdoing, the Sheriff's Office terminated Jones' employment based on Jones' "dishonorable conduct." Jones' letter of termination was sent to numerous individuals within the Sheriff's Office, along with the Lake County Sheriff's Office Merit Commission. When Jones sought other law enforcement employment, he did not get hired. On information and belief, Jones alleges that the Sheriff's Office has been providing false statements to prospective employers that impugn his trustworthiness and integrity.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The proper way to seek a dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim," but

rather, "the defendant should answer and then move under Rule 12(c) for judgment on the pleadings." *Burton v. Ghosh*, 961 F.3d 960, 964–65 (7th Cir. 2020).

**Discussion**

In the motion to dismiss, the Sheriff's Office argues that it is protected based on the affirmative defense provided by the Illinois Tort Immunity Act, 745 ILCS 10/2-107, which states that "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, by computer or any other electronic transmission, or in a book or other form of library material." Jones agrees that the Sheriff's Office is immune under section 2-107, but argues the Sheriff's Office violated his substantive due process rights based on his liberty interest in his employment. Jones did not bring this claim in his complaint, and it is well-settled that a plaintiff cannot amend his complaint in a response brief. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). If Jones wishes to add this constitutional claim against the Sheriff's Office, he must file an amended complaint keeping in mind counsel's Rule 11 obligations.

Next, defendant Oliver argues that he is immune under Illinois Tort Immunity Act, 745 ILCS 10/2-210, which states "[a] public employee acting in the scope of his employment is not liable for an injury caused by his *negligent* misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." (emphasis added). Here, Jones argues that Oliver's conduct was willful and wanton, which is an exception to this section of the Illinois Tort Immunity Act. *Jane Doe-3 v. McLean County Unit Dist. No. 5 Bd. of Directors*, 973 N.E.2d 880, 893, 362 Ill. Dec. 484, 497, 2012 IL 112479, ¶ 44 (Ill. 2012). Although one lower court in Illinois has stated otherwise, the Illinois Supreme Court's holding in *Jane Doe-3* that willful and wanton conduct is an exception to the immunity provided by 745 ILCS 10/2-210 is the controlling decision.

3

Turning to Jones' allegations, he states that defendant Oliver, an undersheriff, disregarded the investigation by the police training institute, including the findings and recommendations, failed to conduct an independent investigation, did not talk to Jones about the matter, and used false statements in drafting Jones' letter of termination about his truthfulness and integrity. Viewing the facts and all reasonable inferences in Jones' favor, these allegations rise above simple negligence and amount to willful and wanton conduct. Therefore, the Court denies defendants' motion in this respect.

Defendants also argue that Oliver is absolutely immune under Illinois common law, which protects "an executive official from defamation claims for statements made when the official was acting within the scope of his official duties." *Bianchi v. McQueen,* 58 N.E.3d 680, 701–02, 405 Ill.Dec. 419, 440–41, 2016 IL App (2d) 150646, ¶ 90 (2d Dist. 2016) (citation omitted). "[T]he classification of absolutely privileged communications is necessarily narrow and generally limited to discreet situations which involve legislative, judicial, quasi-judicial proceedings and other acts of State." *Belluomini v. Zaryczny,* 7 N.E.3d 1, 8, 379 Ill.Dec. 575, 582, 2014 IL App (1st) 122664, ¶ 21 (1st Dist. 2014). Whether an official of a County's Sheriff's Office is covered by this common law immunity has yet to be addressed by the Illinois courts. Moreover, Jones need not defend against this affirmative defense at the motion to dismiss stage, especially because it is not clear-cut that it actually applies to defendant Oliver under Jones' allegations. *Gunn v. Continental Casualty Co.,* 968 F.3d 802, 806 (7th Cir. 2020) ("With a narrow and pragmatic exception for a plaintiff who has pleaded herself out of court, the appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c)."). Accordingly, the Court denies this aspect of defendants' motion.

**Conclusion**

For the foregoing reasons, this Court grants in part and denies defendants' motion to dismiss [6]. The Court grants plaintiff leave to file an amended complaint in accordance with this ruling by no later than April 30, 2021.

IT IS SO ORDERED.

Date: 4/13/2021

Entered: /s/ Sharon Johnson Coleman
SHARON JOHNSON COLEMAN
United States District Judge